**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 19-15876 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01124-RFB-VCF |
| v. | |
| RESOURCES GROUP, LLC, as trustee of the Bourne Valley Court Trust; CORTEZ HEIGHTS HOMEOWNERS ASSOCIATION, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| G&P ENTERPRISES NEVADA, LLC, DBA Allied Trustee Services, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 30, 2020[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,[***] District Judge.

Wells Fargo Bank, N.A., appeals the district court's grant of Resources Group, LLC's motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wells Fargo cannot state a claim under the Takings Clause because the enactment of section 116.3116 of the Nevada Revised Statutes predates the creation of Wells Fargo's lien on the property. *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, No. 18-17320, – F.3d – , 2020 WL 6498000, at *6 (9th Cir. Nov. 5, 2020).

Nor can Wells Fargo state a claim under the Due Process Clause because Wells Fargo received notice of the Cortez Heights Homeowners Association (HOA)'s intent to sell the property. *Id.* at *6.

Wells Fargo's claim that the district court erred in declining to set aside the foreclosure sale under Nevada law also fails. Although the purchase price for the

---

[**] This appeal is ordered submitted on the briefs as of November 30, 2020, pursuant to Fed. R. App. P. 34(a)(2).

[***] The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

property was only two percent of the original loan amount, "mere inadequacy of price is not in itself sufficient to set aside the foreclosure sale." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 749 (2017) (*Shadow Canyon*). Absent evidence "that the sale was affected by fraud, unfairness, or oppression, [] the sale cannot be set aside." *Id.* at 750. The only unfairness argued by Wells Fargo is that the foreclosure notices did not specify the impact of the HOA foreclosure on Wells Fargo's interest in the property. Sections 116.31162 and 116.311635 of the Nevada Revised Statutes, however, do not require the notices to address the effect of the superpriority foreclosure on the beneficiary of the first deed of trust. *See SFR Invs. Pool 1 v. U.S. Bank*, 130 Nev. 742, 757 (2014), *superseded by statute on other grounds as stated in Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 135 Nev. 180 (2019). Because Wells Fargo alleged in the complaint that the notices required under Chapter 116 of the Nevada Revised Statutes were recorded, and the challenged inadequacy in the notices' contents does not violate Nevada statutory requirements, Wells Fargo failed to sufficiently allege any "fraud, unfairness, or oppression" for its equitable set-aside claim. *Shadow Canyon*, 133 Nev. at 750. Because Wells Fargo failed to state an equitable set-aside claim against Resources, its argument

that Resources is not entitled to protection as a bona fide purchaser is inapposite. *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621–22 (2018).

**AFFIRMED**